IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph Michael Crossland, | ) | C/A No.:  3:23-cv-00977-MGL |
| | ) | |
| Plaintiff, | ) | **NOTICE OF REMOVAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Unum Life Insurance Company of America, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Unum Life insurance Company of America ("Unum"), by its counsel, pursuant to 28 U.S.C. § 1446, files this Notice of Removal and alleges:

1. Unum is the Defendant in an action entitled <u>Joseph Michael Crossland v. Unum Life Insurance Company of America</u>, Civil Action No. 2023-CP-32-00564, which is now pending in the Court of Common Pleas for Berkeley County, State of South Carolina.

2. Unum was served with Plaintiff's Summons and Complaint on February 17, 2023.

3. At the time of the commencement of this action, Plaintiff was, and upon information and belief, still is a citizen of the State of South Carolina.

4. At the time of the commencement of this action, Defendant was a corporation organized and existing pursuant to the laws of a state other than the State of South Carolina and had its principal place of business in a state other than the State of South Carolina.

5. This action is of a civil nature and involves the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 <u>et seq</u>. ("ERISA"), as appears from the allegations contained in the Complaint, Plaintiff's cause of action are completely preempted by ERISA. (Complaint ¶¶ 23-28). ERISA contains a specific, complete preemption clause which states: "[e]xcept as provided in subsection (b) of this section, the

provisions of [ERISA] shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan..."29 U.S.C. § 1144(a); See <u>Metropolitan Life Insurance Company v. Taylor</u>, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The U.S. Supreme Court has recognized that the force of ERISA's preemption is strong and its scope wide. See <u>E.G. FMC Corporation v. Holiday</u>, 498 U.S. 52, 58, 111 S.Ct. 403, 407-08, 112 L.Ed.2d 356 (1990). "The phrase 'relates to' is given a broad common sense meaning '[a] law relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." <u>Shaw v. Delta Airlines, Inc.</u>, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-900, 77 L.Ed.2d 490 (1983). ERISA is the "exclusive vehicle for actions by ERISA plan participants and beneficiaries, asserting improper processing of a claim for benefits ..." <u>Pilot Life v. Dedeaux</u>, 489 U.S. 41, 107 S.Ct. 1549, 95 L.Ed. 39 (1987), "[A]fter Pilot Life, any contention that the state law claims here are not preempted by ERISA would be frivolous ..." <u>Maker v. Health Care Corp. of Mid Atlantic</u>, 872 F.2d 80, 82 (4th Cir. 1989). Because the Plan is an employee welfare benefit plan under ERISA, this action is one over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C. §1331.

6.    Defendant files herewith as "**Exhibit A"**, copies of all process, pleadings, and orders received by Defendant.

7.    Written notice of the filing of this Notice will be given to Plaintiff, and, together with a copy of the Notice of Removal and supporting documents, will be filed with the Clerk of the Lexington County Court of Common Pleas.

        s/ Theodore D. Willard, Jr.
        Theodore D. Willard, Jr.
        Federal I.D. No. 5136
        **MONTGOMERY WILLARD, LLC**
        1002 Calhoun Street
        Post Office Box 11886
        Columbia, South Carolina 29211-1886
        Telephone: (803) 779-3500

        ATTORNEYS FOR THE DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA

March 9, 2023
Columbia, South Carolina