IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Joseph Michael Crossland, | ) | C/A No.: 3:23-cv-00977-MGL |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ANSWER TO COMPLAINT** |
| vs. | ) | |
| | ) | |
| Unum Life Insurance Company of America, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Unum Life Insurance Company of America ("Unum"), answering the Complaint of the Plaintiff, alleges as follows:

## GENERAL RESPONSE

1. Each and every allegation of Plaintiff's Complaint not herein after specifically admitted, qualified, or explained is denied with strict proof demanded thereof.

## ANSWERING GENERAL ALLEGATIONS
**(Denial)**

2. Answering Paragraph 1, Defendant alleges upon information and belief that Plaintiff was a resident of Lexington County, and was at one time employed by Old Dominion Freight Lines ("ODFL"). The remaining allegations of Paragraph 1 are denied with strict proof demanded thereof.

3. Answering Paragraph 2, Defendant alleges that it is an insurance company organized and existing pursuant to the laws of a state other than the State of South Carolina and does business in the State of South Carolina. Defendant further alleges that Unum is a wholly owned subsidiary of Unum Group. The remaining allegations of Paragraph 2 are denied with strict proof demanded thereof.

1

4. Answering Paragraph 3, Defendant alleges that ODFL establish and/or maintained long term disability ("LTD") coverage with Unum as part of ODFL's ERISA governed employee welfare benefit plan (the "Plan"). Defendant further alleges that the Plan was fully insured by Unum and that Unum was the claim administrator for the Plan. The remaining allegations of Paragraph 3 are denied with strict proof demanded thereof.

5. Answering Paragraph 4, Defendant alleges that this matter is governed by ERISA, 29 U.S.C. §1001 et seq. and that personal and subject matter jurisdiction are appropriate in the United States District Court for the District of South Carolina, Columbia Division pursuant to 29 U.S.C. §1132(e). The remaining allegations of Paragraph 4 are denied with strict proof demanded thereof.

6. The allegations of Paragraph 5 are admitted upon information and belief.

7. Answering Paragraph 6, Defendant alleges that the administrative record of Plaintiff's claim is the best evidence of the contents thereof and reference is made thereto. The remaining allegations of Paragraph 6 are denied with strict proof demanded thereof.

8. Answering Paragraph 7, Defendant alleges that ODFL established and/or maintained LTD coverage with Unum as part of ODFL's employee welfare benefit plan, and that the LTD Plan was fully insured by Unum. Defendant further alleges that Plaintiff was a participant in the LTD Plan during the relevant time period. The remaining allegations of Paragraph 7 are denied with strict proof demanded thereof.

9. The allegations of Paragraph 8 are denied with strict proof demanded thereof.

10. Answering Paragraph 9, Defendant alleges that Plaintiff was paid short term disability ("STD") benefits for a period of time under the STD plan. The remaining allegations of Paragraph 9 are denied with strict proof demanded thereof.

11. Answering Paragraphs 9 (sic) and 10, Defendant alleges that the administrative

record of Plaintiff's claim is the best evidence of the contents thereof and reference is made thereto. The remaining allegations of Paragraphs 9 (sic) and 10 are denied with strict proof demanded thereof.

12. The allegations of Paragraph 11 are denied with strict proof demanded thereof.

13. Answering Paragraphs 12, 13 and 14, Defendant alleges that Plaintiff made a claim for STD and LTD benefits under the STD and LTD Plans and that Plaintiff's STD claim was approved to April 8, 2022 and Plaintiff's LTD claim was denied on or about May 11, 2022. Defendant further alleges that Plaintiff appealed the denial of his LTD claim, and that Unum's claim determination was upheld on appeal on or about June 17, 2022. Defendant also alleges that the administrative record of Plaintiff's LTD claim is the best evidence of the contents thereof and reference is made thereto. The remaining allegations of Paragraphs 12, 13 and 14 are denied with strict proof demanded thereof.

14. The allegations of Paragraphs 15 and 16 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO
PLAINTIFF'S FIRST CAUSE OF ACTION
(Declaratory Judgment)
(Denial)**

15. Answering Paragraph 17, each and every allegation of Defendant's Answer is incorporated herein to the same extent as is set forth verbatim.

16. The allegations of Paragraphs 18, 19, 20 and 21 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO
PLAINTIFF'S SECOND CAUSE OF ACTION
(Violations of the Employee Retirement Income Security Act of 1974)
(Denial)**

17. Answering Paragraph 22, each and every allegation of Defendant's Answer is

incorporated herein to the same extent as is set forth verbatim.

18. Answering Paragraph 23, Defendant alleges that this matter is governed by ERISA, 29 U.S.C. §1001 et seq. and that personal and subject matter jurisdiction are appropriate in the United States District Court for the District of South Carolina, Columbia Division pursuant to 29 U.S.C. §1132(e). The remaining allegations of Paragraph 23 are denied with strict proof demanded thereof.

19. Answering Paragraph 21 (sic), Defendant alleges that ODFL established and/or maintained LTD coverage with Unum as part of ODFL's employee welfare benefit plan, and that the LTD Plan was fully insured by Unum. Defendant further alleges that Plaintiff was a participant in the LTD Plan during the relevant time period. The remaining allegations of Paragraph 21 (sic) are denied with strict proof demanded thereof.

20. Answering Paragraphs 22 (sic), 23 (sic) and 24 (sic), Defendant alleges that Plaintiff made a claim for STD and LTD benefits under the STD and LTD Plans and that Plaintiff's STD claim was approved to April 8, 2022 and Plaintiff's LTD claim was denied on or about May 11, 2022. Defendant further alleges that Plaintiff appealed the denial of his LTD claim, and that Unum's claim determination was upheld on appeal on or about June 17, 2022. Defendant also alleges that the administrative record of Plaintiff's LTD claim is the best evidence of the contents thereof and reference is made thereto. The remaining allegations of Paragraphs 22 (sic), 23 (sic) and 24 (sic) are denied with strict proof demanded thereof.

21. The allegations of Paragraphs 25 (sic), 26 (sic), 27 (sic) and 28 (sic) are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO**
**PLAINTIFF'S THIRD CAUSE OF ACTION**
**(Recovery of Attorney's Fees)**
**(Denial)**

22. Answering Paragraph 29 (sic), each and every allegation of Defendant's Answer is

4

incorporated herein to the same extent as is set forth verbatim.

23. Paragraphs 30 (sic) and 31 (sic) are denied with strict proof demanded thereof.

**FOR A SECOND DEFENSE AS
TO ALL CAUSES OF ACTION
(Failure To State a Claim)**

24. Each and every allegation of Defendant's Answer is realleged herein as if set forth verbatim.

25. Plaintiff's Complaint fails to state sufficient facts to constitute causes of action against Defendant.

**FOR A THIRD DEFENSE AS TO
ALL CAUSES OF ACTION
(Failure of Conditions Precedent)**

26. Each and every allegation of Defendant's Answer is realleged herein as if set forth verbatim.

27. Plaintiff failed to plead and/or perform all conditions precedent required on his part to be performed under the Plan.

**FOR A FOURTH DEFENSE AS TO
ALL CAUSES OF ACTION
(When Does Your Coverage End)**

28. Each and every allegation of Defendant's Answer is realleged herein as if set forth verbatim.

29. Any disability suffered by Plaintiff was after he was no longer covered under the LTD Plan.

30. Pursuant to the terms of the LTD Plan:

***WHEN DOES YOUR COVERAGE END?***
Your coverage under the policy or a plan ends on the earliest of:
- the date you no longer are in an eligible group;
- the date your eligible group is no longer covered;

- the last day of the period for which you made any required contributions;
- the last day you are in active employment except as provided under the covered layoff or leave of absence provision;
- the date the policy or a plan is cancelled. In addition to nonpayment of premium,
Unum may cancel the policy or a plan if:
  - participation requirements are not met;
  - fewer than 10 employees are insured under the plan;
  - the Policyholder does not promptly provide us with information that is reasonably required; or
  - the Policyholder fails to perform any of its obligations that relate to the policy.

Unum will provide coverage for a payable claim which occurs while you are covered under the policy or plan.

## FOR A FIFTH DEFENSE AS TO
## ALL CAUSES OF ACTION
### (Not Disabled Through The End of The Elimination Period)

31. Each and every allegation of Defendant's Answer is realleged herein as if set forth verbatim.

32. Plaintiff was not entitled to benefits because Plaintiff was not disabled through the end of the Elimination Period.

33. Pursuant to the terms of the LTD Plan:

HOW LONG MUST YOU BE DISABLED BEFORE YOU ARE ELIGIBLE TO RECENE BENEFITS?

Group 3
You must be continuously disabled through your elimination period. Unum will treat your disability as continuous if your disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period.

Your elimination period is the later of:
- 90 days; or
- the date your insured Short Term Disability payments end, if applicable.

You are not required to have a 20% or more loss in your indexed monthly earnings due to the same injury or sickness to be considered disabled during the elimination period.

**FOR A SIXTH DEFENSE AS TO
ALL CAUSES OF ACTION
(ERISA PREEMPTION)**

34. Each and every allegation of Defendant's Answer is realleged herein as if set forth verbatim.

35. Plaintiff's causes of action are completely preempted by ERISA. ERISA contains a specific preemption clause which states: "[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan..."29 U.S.C. § 1144(a); *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The U.S. Supreme Court has recognized that the force of ERISA's preemption is strong and its scope wide. *See E.G. FMC Corporation v. Holiday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407-08, 112 L.Ed.2d 356 (1990). "The phrase 'relates to' is given a broad common sense meaning '[a] law relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-900, 77 L.Ed.2d 490 (1983). ERISA is the "exclusive vehicle for actions by ERISA plan participants and beneficiaries, asserting improper processing of a claim for benefits ..." *Pilot Life v. Dedeaux*, 489 U.S. 41, 107 S.Ct. 1549, 95 L.Ed. 39 (1987), "[A]fter Pilot Life, any contention that the state law claims here are not preempted by ERISA would be frivolous ..." *Maker v. Health Care Corp. of Mid Atlantic*, 872 F.2d 80, 82 (4th Cir. 1989); *See Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (holding ERISA preempted claims under Mississippi's common law, tort and contract allegations alleging bad faith); *Custer v. Pan*

*American Life Insurance Company*, 12 F.3d 410 (4th Cir. 1993) (holding ERISA preempted a cause of action under West Virginia's unfair trade practices statutes); and *Duncan v. Provident Mutual Life Insurance Company*, 310 S.C. 465, 427 S.E.2d 657 (1993) (holding ERISA preempted a claim under South Carolina's common law of bad faith). Because the Plan is an employee welfare benefit plan under ERISA, Plaintiff's causes of action are completely preempted.

**FOR A SEVENTH DEFENSE AS TO
ALL CAUSES OF ACTION
(Other Income, Social Security, Worker's Compensation Offset)**

36. Each and every allegation of Defendant's Answer is realleged herein as if set forth verbatim.

37. To the extent Defendant is liable to Plaintiff for LTD benefits, which is denied, that liability is to be reduced by any other income, Social Security and/or workers compensation benefits due to Plaintiff.

WHEREFORE, having fully answered, Defendant prays that the Complaint of the Plaintiff be dismissed as to it with costs, and that it be awarded attorney's fees pursuant to 29 U.S.C. §1132(g).

s/ Theodore D. Willard, Jr.
Theodore D. Willard, Jr.
Federal I.D. No. 5136
**MONTGOMERY WILLARD, LLC**
1002 Calhoun Street
Post Office Box 11886
Columbia, South Carolina 29211-1886
Telephone: (803) 779-3500

ATTORNEYS FOR DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA

March 10, 2023
Columbia, South Carolina