IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL CROSSLAND, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No: 3:23-cv-00977-MGL |
| | ) | |
| vs. | ) | SPECIALIZED CASE |
| | ) | MANAGEMENT ORDER |
| UNUM LIFE INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | (29 U.S.C. § 1001 et seq.) |
| | ) | |
| Defendant. | ) | |

This case appears to request entitlement to benefits pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* In light of the claim for relief as set forth in the complaint (or the grounds for removal in Defendant's Notice of Removal or the defenses in Defendant's Answer), the court orders as follows:

1. Within fifteen (15) days from the date of this order, Plaintiff is required to respond to the attached Specialized Interrogatories. Defendant is required to respond to the same interrogatories within thirty (30) days after receiving Plaintiff's Responses. Defendant shall, at the same time, produce: (a) the governing plan document; (b) the summary plan description; and (c) the administrative record relevant to the particular claim at issue. The responses to the interrogatories and related production are to be served on opposing counsel and are <u>not</u> to be filed with the court.

2. If the parties agree that all of the claims in the case are controlled or preempted by ERISA, then within fifteen (15) days after Defendant serves its Responses to the attached Specialized Interrogatories, the parties are required to confer to discuss the issues raised by the attached Joint Stipulation Instructions for ERISA Cases, to complete the exchange of any

documents on which they may rely including confirmation that the full administrative record and controlling documents have been produced, and to set a date for mediation of the action. Within one week following the conference, the parties shall file a joint certification: (a) stating the date on which they conferred; (b) advising the court of any issues raised by the Joint Stipulation on which the parties are not in agreement; (c) advising the court if either party objects to the procedure for disposition of the action proposed by the Joint Stipulation Instructions; (d) confirming that they have exchanged all documents on which either party intends to rely for resolution of the action; and (e) advising the court of the date set for mediation. The parties shall <u>not</u> file either the Joint Stipulation or any portion of the administrative record at the time of the filing of the certification. Supplementation of the record after the certification is filed with the court will not be allowed absent consent or upon showing of good cause for the delay in production.

3. In the event the parties disagree as to whether some or all of the claims in the case are controlled or preempted by ERISA, the party asserting ERISA preemption shall file, within fifteen (15) days after Defendant serves its Responses to the attached Specialized ERISA Interrogatories, a written motion and memorandum setting forth the grounds and legal basis on which the party asserts the claims are preempted by ERISA. The form of the memorandum and the time and manner for filing any response or reply memoranda shall be governed by the provisions of Local Rule 7.00. If the court finds that some or all of the claims are preempted by ERISA, then within fifteen (15) days after such ruling, the parties are required to complete the Joint Stipulation conference outlined in Paragraph 2 above. If the court finds that some but not all of the claims are preempted by ERISA, then the parties are to propose in the Joint Stipulation how the court should proceed with any non-ERISA claims.

4.      Mediation shall be completed within thirty (30) days following the conference addressed in Paragraph 2 above.

5.      If the matter is not resolved by mediation, the parties shall, within sixty (60) days after the conference addressed in Paragraph 2 above, file cross-memoranda in support of judgment with respect to all benefits claims governed by ERISA.  The Joint Stipulation shall be filed at the same time.  Each party shall have five (5) days thereafter to file an optional reply.  These memoranda should follow the form of Local Rule 7.05.  All references in memoranda shall be to the consecutively-numbered page of the attachments to the Joint Stipulation.  In its discretion, the court may order a hearing.  Unless so ordered, the court will decide the ERISA benefits issues upon the record before it without a hearing.   Motions for summary judgment need not be filed.  Any party objecting to the court disposing of the case on the Joint Stipulation must file an objection with or prior to the filing of the joint certification required by Paragraph 2 of this order.

The procedures set forth in this order are intended to supersede and replace the requirements generally applicable under Rules 26(a), (d) and (f) of the Federal Rules of Civil Procedure.  This order supersedes any earlier entered scheduling order.

**IT IS SO ORDERED.**

s/Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
March 10, 2023

# SPECIALIZED INTERROGATORIES TO
# BE ANSWERED BY THE PARTIES

1. **PREEMPTION ISSUES:** ERISA provides for complete preemption of state law claims which relate to an ERISA plan.[1] Therefore, if the plaintiff asserts any state law claims, each party should state whether it contends any of plaintiff's state law claims survive ERISA preemption. If any party contends any state law claims survive preemption, that party should set forth the factual and legal basis for this position and provide a list of any claims beyond those provided by 29 U.S.C. § 1132 which the party believes survive preemption, including claims asserted under other federal laws.

2. **PERMISSIVE AMENDMENT OF PLEADING:** It is this court's general policy to allow liberal amendment of the complaint to assert ERISA claims if the court finds the originally asserted claims to be preempted by ERISA. If the plaintiff asserts state law claims which are or may be preempted, each party should state its position regarding amendment of the complaint.[2]

3. **STANDARD OF REVIEW:** As a general rule, this court will conduct a *de novo* review of a benefits denial decision unless the controlling plan documents grant the plan or claims administrator discretion to interpret or apply the plan's terms. An abuse of discretion standard is applied if appropriate language is included in the relevant plan documents. In the latter case, the court will also consider whether the person or entity which made the benefits denial decision had a conflict of interest.[3] Each party should explain its position regarding the appropriate standard of review in this case and, if it contends an abuse of discretion standard applies, the party should provide the plan documentation which supports its position.

---

[1] *See e.g.* 29 U.S.C. § 1002(1)-(8) (key definitions); 29 U.S.C. § 1003 (scope of coverage); 29 U.S.C. § 1144 (preemption provisions); 29 U.S.C. § 1132 (remedial provisions); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990) (preempting state common law for wrongful termination when plaintiff-employee alleges termination to avoid payment of pension benefits); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) (preempting state law claims for breach of contract and bad faith refusal to pay benefits under an insured employee benefits plan); *Makar v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 82 (4th Cir. 1989) ("After *Pilot Life*, . . . any contention that the state claims here are not preempted by ERISA would be frivolous.").

[2] Plaintiff should list the claims which it would anticipate asserting under ERISA and a date by which an amended complaint will be submitted. Defendant should provide any support it may have for opposing amendment at this stage.

[3] *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (rejecting the "arbitrary and capricious" standard of review which was previously applied in most, if not all, circuits); *see also infra* notes 6 (citing Fourth Circuit cases applying the two standards of review).

4. NON-JURY TRIAL: Although the courts are not in complete agreement, the clear majority view, which is the followed by this court, is that ERISA cases are to be tried non-jury.[4] If either party asserts a right to a jury trial, it should provide the factual and legal basis for its position.

5. EXHAUSTION OF PLAN REMEDIES: This court follows the general rule that a litigant must exhaust plan remedies before seeking judicial review of a plan's decision to deny benefits.[5] Each party should, therefore, state its position regarding whether plan remedies have been exhausted or whether some exception to exhaustion applies. If plan remedies have not been exhausted, each party should state its position regarding the length of time necessary to exhaust plan remedies and whether this matter should be stayed or dismissed without prejudice in the interim.

6. SCOPE OF ADMISSIBLE EVIDENCE: The scope of admissible evidence is dependent to a large degree on two factors: (1) what evidence was presented to the plan during the internal review process; and (2) the applicable standard of review. See 3 and 5 above. In particular, there is a preference for limiting the plaintiff to evidence presented to the plan administrator during the internal review process.[6] If either party contends that the evidence to be considered by this court should include evidence not presented to the plan administrator during the plan's internal review process (exhaustion of plan remedies), it should provide the legal and factual basis for its position.

---

[4] *See Biggers v. Wittek Indus. Inc.*, 4 F.3d 291, 293, 298 (4th Cir. 1993) (remanding for trial *by court* case in which state law claims were preempted by ERISA); *Berry v. CIBA-Geigy Corp.*, 761 F.2d 1003, 1006-07 (4th Cir. 1985) (pre-*Firestone* case holding that ERISA cases are tried non-jury); *but see Vaughn v. Owen Steel Corp.*, 871 F. Supp. 247 (D.S.C. 1994) (allowing jury trial in at least some ERISA cases). *See generally Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989) (not directly addressing the jury trial issue but noting that ERISA cases are guided by the principles of trust law and making numerous references to the role of the court in ERISA cases, without suggestion of any jury role).

[5] *See Hickey v. Digital Equip. Co.*, 43 F.3d 941, 945 (4th Cir. 1995) (affirming order requiring exhaustion of plan remedies absent a "clear and positive" showing of futility); *Makar v. Health Care Corp. of Mid-America*, 872 F.2d 80, 82-83 (4th Cir. 1989) (dismissing case without prejudice because plaintiff had not exhausted available plan remedies).

[6] *See Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120, 124-25 (4th Cir. 1993) (when plan is granted discretion to make benefits decision, the trial court should normally refuse to consider evidence not presented to the plan); *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025-27 (4th Cir. 1993) (discussing differing standards of review and stating preference for review limited to evidence before the administrator, especially where the administrator who made the denial decision is vested with discretion).

Although the scope of discovery is broader than the scope of admissible evidence, the scope of discovery is affected by the previous two factors. Each party shall set forth its position on what discovery it intends to conduct in the case and whether the party contends discovery is limited by either the administrative record or the scope of review. No discovery shall be taken without permission of the court.

7. DAMAGES: This court accepts the majority view that punitive damages are not available under ERISA.[7] If the plaintiff pursues punitive damages under ERISA or under any other claims which the plaintiff contends survive preemption, the plaintiff should set forth the factual and legal basis for its position.

8. OTHER ISSUES: If the parties are aware of other procedural issues which should be addressed at this stage, they may raise them in response to this order (*e.g.*, whether the proper entities have been joined).

---

[7] *See Massachusetts Mut. Ins. Co. v. Russell*, 473 U.S. 134 (1985) (integrated enforcement scheme of ERISA indicates the intent of Congress not to authorize punitive or extracontractual damages); *Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419, 424 (4th Cir. 1985) (denying extracontractual and punitive damages for denial of benefits and related harassment claims), *cert denied*, 476 U.S. 1170 (1986). ERISA does, however, allow for an award of attorney's fees. 29 U.S.C. § 1132(g); *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017, 1028-30 (4th Cir. 1993) (addressing five-factor test for award of attorneys fees under ERISA).

# JOINT STIPULATION INSTRUCTIONS
# FOR ERISA CASES

1. Stipulate as to whether this matter involves only a claim for benefits pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B) and a claim for attorney's fees pursuant to 29 U.S.C. § 1132(g). If in disagreement, state each party's position.

2. Stipulate whether administrative remedies provided by the plan have been fully exhausted. If in disagreement, state each party's position.

3. Stipulate to the standard of review and state any language of the plan that confers discretionary authority upon Defendant. The parties should specifically address the effect of any conflict of interest. If in disagreement, state each party's position and cite the language of the plan and case law that supports each position.

4. Stipulate to the contents of the administrative record and attach one copy of the relevant portions of the administrative record, consecutively numbered, as Exhibit 1. If in disagreement, attach the relevant portions of the record that are in dispute, consecutively numbered, and state each party's position.

5. Stipulate to the governing plan document(s) and attach the relevant plan document(s), consecutively numbered, as Exhibit 2. If the parties disagree as to which plan document applies, attach the relevant documents and state each party's position.

6. Stipulate to any plan provisions, exclusive of provisions that grant Defendant any discretionary authority or that outline the claims review procedure, which the court should consider in resolving this dispute. If in disagreement, state each party's position.

7. Stipulate to the substantive issues that this court should resolve. If in disagreement, state each party's position.

8. Stipulate, by signing below, that this court may dispose of this matter based upon this document, the attachments thereto, and the memoranda in support of judgment.

## **RESPONSES**

**WE SO AGREE AND STIPULATE:**

_____     _____
Counsel for Plaintiff(s)                                  Counsel for Defendant(s)